FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

|  |  |
|---|---|
| IN RE:<br><br>INNOVATIVE COMMUNICATION CORPORATION,<br><br>      Debtor. | Civil No. 2008-160<br>Re: Chapter 11 Case No. 07-30012 |

**ATTORNEYS:**

**Lawrence H. Schoenbach, Esq.**
New York, N.Y.
    *For Jeffrey J. Prosser,*

**Norman Anthony Abood, Esq.**
Toledo, OH
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffery J. Prosser,*

**Michaela C. Crocker, Esq.**
Dallas, TX
    *For Stan Springel,*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of Stan Springel ("Springel"), Chapter 11 trustee of Innovative Communication Corporation ("Innovative"), to dismiss the above-captioned appeal.

Jeffrey J. Prosser ("Prosser") was an officer and director of Innovative. On July 5, 2007, Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd., (collectively, the "Greenlight Entities") filed an involuntary petition against Innovative, pursuant to chapter 11 of the United States Bankruptcy Code ("Chapter 11") in the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division"). *See In re Innovative Communication Corp.,* Chapter 11 Case No. 07-30012. An order for relief in that case was entered on September 21, 2007. On October 4, 2007, Springel was appointed as trustee for the bankruptcy estate of Innovative (the "Innovative Estate").

On January 2, 2008, Springel filed a motion in the Bankruptcy Division, requesting an order approving the sale of certain of Innovative's assets (the "Sale Motion"), including assets associated with cable operations in Guadalupe, Martinique, and portions of France (the "Group 2 Assets"). On December 16, 2008, Prosser filed an objection to the Sale Motion. On December 19, 2008, the Bankruptcy Division entered an order granting the sale motion. On December 30, 2008, Prosser filed a notice of appeal from the Bankruptcy Division's December 19, 2008, order.

Now, Springel moves to dismiss Prosser's appeal as untimely.

Pursuant to Federal Rule of Bankruptcy Procedure 8002 ("Rule 8002"), a notice of appeal from an order entered by a bankruptcy court "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002. Thus, the ten-day period for filing a notice of appeal from the December 19, 2008, order expired on December 29, 2008. Because Prosser's notice of appeal was not filed until December 30, 2008, the notice is untimely. Furthermore, Prosser has not moved in the Bankruptcy Division for an extension of time within which to file his notice of appeal.

The United States Court of Appeals for the Third Circuit has held that a district court lacks jurisdiction over an appeal from a bankruptcy court ruling that is untimely under Rule 8002. *See In re Universal Minerals, Inc.*, 755 F.2d 309, 310 (3d Cir. 1985). However, that holding has been called into question by the decisions of the Supreme Court of the United States in *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005), and *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Accordingly, the Third Circuit has stated that "Rule 8002 might now qualify as a non-jurisdictional 'claim-processing rule' that is mandatory when invoked by a party, but subject to waiver if no timeliness objection is raised." *In re Fryer*, 235 Fed. Appx. 951, 953 (3d Cir. June 11,

2007) (unpublished). Here, however, there is no need to resolve the issue of the jurisdictional significance of Rule 8002 because even if the 10-day deadline for filing a notice of appeal is merely a non-jurisdictional claim-processing rule, Springel has moved to dismiss the instant appeal as untimely and has therefore properly invoked Rule 8002. *See, e.g., id.* (affirming the dismissal of an appeal from a bankruptcy court order as untimely under Rule 8002 where the appellee filed a motion to dismiss, thereby invoking Rule 8002).

    Accordingly, it is hereby

    **ORDERED** that the motion to dismiss is **GRANTED;** and it is further

    **ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

S\_____
**Curtis V. Gómez**
**Chief Judge**